IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN A. WOODS**, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:04-CV-38-TMP |
| ) | |
| **JIM COOKE**, Warden; ) | |
| **ATTORNEY GENERAL OF** ) | |
| **THE STATE OF ALABAMA**, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation in this cause on October 1, 2004, recommending the dismissal of the petition for writ of *habeas corpus* as being time barred under 28 U.S.C. § 2244(d). After being granted an extension of time to November 1, 2004, to file his response to the report and recommendation, petitioner filed late and *unsigned* objections, on November 15, 2004.[1] Because the objections are unsigned, contrary to Rule 11, they cannot be considered by the court.

But even if the court were to consider the objections, they fail to raise any basis for rejecting the magistrate judge's report and recommendation. Petitioner concedes that his petition is time barred unless he can invoke equitable tolling to prevent the bar. He asserts three potential grounds for equitable tolling of the limitation period: (1) that he was transferred to the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, for a period of time while he was

---

[1] Because the objections are unsigned and undated, the court has no way of determining when petitioner delivered them to prison officials for mailing. Even the postmark on the envelope they came in is unreadable. They were received and docketed in the clerk's office on November 15, 2004.

appealing his state post-conviction petition in Alabama, where there was no law library, he was under lockdown 23 hours each day, and there was no legal assistance provided; (2) that the Alabama Department of Corrections made him mail home all of his legal papers prior to being transferred to the Mississippi facility and, thus, he was without his legal papers during the time he was to prepare the instant petition; and (3) "the Circuit Court Clerk failed to notify Woods timely of the trial court's denial of his first Rule 32 petition."

Equitable tolling is an extraordinary remedy that is applied sparingly. The Eleventh Circuit has explained recently:

> "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)), cert. denied, 537 U.S. 1237, 123 S.Ct. 1364 (2003). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. at 1286.

Wade v. Battle, 379 F.3d 1254, 1264-5 (11th Cir. 2004).

The Eleventh Circuit has rejected similar claims as insufficient "extraordinary circumstances" to trigger equitable tolling. In Dodd v. United States, 365 F.3d 1273 (11th Cir. 2004), the court of appeals considered whether transfers between prisons, lockdowns, and the loss of legal materials could constitute sufficient grounds for equitable tolling. The court commented:

> In Akins [v. United States, 203 F.3d 1086 (11th Cir. 20000], a panel of this Court held that equitable tolling was inapplicable for periods of various lockdowns or during a period in which the movant's legal papers were misplaced by the prison.

> 204 F.3d at 1089-90. It is true that the facts of <u>Akins</u> are distinguishable from the case at hand, as the § 2255 movant there had failed to act for four years prior to the enactment of AEDPA, at least seven months after he obtained a transcript which he deemed necessary to his case, and at least six months after the enactment of AEDPA. Nonetheless, <u>Akins</u> suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not "extraordinary circumstances" in which equitable tolling is appropriate.
>
> While Dodd contends that the limitations period in § 2255(3) should have been tolled during the period he was detained in Miami and did not have access to his papers, we cannot discern sufficient evidence in this record to establish that the circumstances were truly extraordinary. Dodd does not suggest, let alone argue that his detention was unconstitutional or somehow inappropriate, or that the transfer of a prisoner from one facility to another is anything but a routine practice.

<u>Dodd v. United States</u>, 365 F.3d 1273, 1282-3 (11th Cir. 2004). The same conclusion is reached in this case. Petitioner was transferred from the Alabama Department of Corrections to the Tallahatchie County Correctional Facility[2] around August 4, 2003, as reflected by the intake date on his *in forma pauperis* application prepared by officials at Tallahatchie. At that time, his state Rule 32 petition already had been denied, affirmed by the Alabama Court of Criminal Appeals, and was pending *certiorari* review in the Alabama Supreme Court. Petitioner has offered no evidence, or even argued, that he notified the Clerk of the Alabama Supreme Court of his new address in Mississippi. Also, the exhibits to motions for extension of time submitted by petitioner indicate that he was assisted by another inmate and that he did not perform legal research or otherwise prepare the papers he filed. By the time he was transferred to Mississippi, most of the legal research and preparation was done during the process of litigating the state collateral Rule 32 petition. Thus, even without his legal papers and lacking a law library,

---

[2] The court will admit that the transfer of an Alabama state inmate to a Mississippi prison to serve his Alabama sentence is unusual, but it is not unheard of nor can it be considered "extraordinary."

petitioner was not precluded from filing his *habeas* petition by any "extraordinary circumstances."

Petitioner's contention that he was not notified of the denial of his Rule 32 petition by the clerk of the circuit court is simply incorrect. The record submitted by the state makes plain that petitioner was aware of the trial court denial of his petition because he appealed it to the Alabama Court of Criminal Appeals and from there to the Alabama Supreme Court. If what petitioner meant to say was that the Alabama Supreme Court failed to notify him of the denial of *certiorari*, his lack of diligence in keeping that court advised of his address precludes a finding of equitable tolling. Even in <u>Knight v. Schofield</u>, 292 F.3d 709 (11th Cir. 2002), the court of appeals cautioned that "not in every case will a prisoner be entitled to equitable tolling until he receives notice" of the denial of post-conviction relief. Each case turns on factors such as the diligence of the petitioner and whether extraordinary circumstances exist. Here, petitioner was not diligent. Even though he was transferred to Mississippi, he failed to notify the Alabama Supreme Court of that fact and of his new address, nor did he make inquiries of that court concerning the status of his pending *certiorari* petition.

The court is satisfied that the issues raised by petitioner's objections to the report and recommendation do not warrant a finding of equitable tolling. As a result, the tolling of the one-year limitation period for filing a *habeas* petition ceased on August 15, 2003, and the remaining portion of the limitation period began to run again. It expired on November 24, 2003, more than a month before he posted his *habeas* petition on December 30, 2003.

Having carefully considered *de novo* all the materials in the court file, including the report and recommendation and the objections to it, the court determines that the objections to

the report and recommendation are due to be and hereby are OVERRULED and DENIED.  The report is ADOPTED and the recommendation is ACCEPTED.  The petition for writ of *habeas corpus* is DISMISSED.  An order dismissing Petitioner's writ of *habeas corpus* will be entered.

Done this 6th day of December, 2004.

*/s/ U.W. Clemon*
U.W. Clemon
Chief United States District Judge